WILLIAM A. BRANTON, plaintiff in error, *vs.* ISAAC BUSH, defendant in error.

When the remedy of the complainant is adequate and complete at law, the bill ought to be dismissed on motion.

In equity, in Miller Superior Court. Decided by Judge PERKINS, at the October Term, 1860.

This was a bill in equity, exhibited by Isaac Bush, against William A. Branton, in which the following allegations are embodied, to-wit:

Some time in the year 1852, Jesse Williams bargained and sold to William J. and Jasper Dickson, certain lands in the 13th district of then Miller county, for which the Dicksons executed their three promissory notes, payable at different times, for the aggregate sum of $1,600 00, and Williams executed his bond conditioned to make titles for the land to the Dicksons or their assignee, when the purchase money should be paid. The Dicksons paid off one of the notes, and then transferred the bond for titles to the complainant for a valuable consideration. Williams transferred one of the notes to a man by the name of Stafford, and the other to his son, William Williams, and also conveyed the lands to William Williams, in order to secure to him the payment of the note. The complainant called on Jesse Williams, and proposed to pay off the notes and take a conveyance to himself of the land, but Jesse Williams refused to receive the money or make the deed, saying that he had transferred one of the notes to Stafford, and the other to his son, as before stated. After the Dicksons had paid off one of the notes, and had transferred the bond for titles to the complainant, Branton obtained a judgment in Miller Superior Court, against Jesse Williams and one John F. Tuggle, for the principal sum of $800 00, besides interest and cost.

The Dicksons had no notice of the pendency of the suit against Jesse Williams and Tuggle, at the time they bought the land, nor did the complainant know of such suit, at the

time the bond was transferred to him; in fact such suit had not then been instituted.

Some time in the early part of the year 1856, the complainant (Bush) paid off the notes that were transferred to Stafford and William Williams, the latter of whom executed to complainant a conveyance in fee simple of the land.

The judgment in favor of Branton was then levied upon the land as the property of Jesse Williams, and the complainant interposed a claim thereto, which was pending at the time the bill was filed.

At the time the judgment was obtained, and the *fi. fa.* levied, the defendants in *fi. fa.* had in their possession ample property to satisfy the *fi. fa.*, but which subsequently passed out of their possession, and they are now insolvent.

Complainant can not establish all of the allegations in the bill, without a discovery from the defendant, Branton.

The bill prays, amongst other things, that Branton may be enjoined from selling the land under the judgment.

The bill was deposited in the Clerk's office on the 7th of September, 1860, but was not sworn to or sanctioned by the Judge. It was afterwards taken out of the office for the purpose of having it verified, and of obtaining the sanction of the Judge.

It was sanctioned on the 8th of September, 1860.

The processes are dated the 12th of September, 1860, requiring appearance on the second Monday in October, 1860, and the bill was returned with an entry thereon by the sheriff, hat the defendant, Branton, was not to be found in Millert county. The bill alleged that Branton resided out of the State.

At the October Term, 1860, counsel for defendant moved to dismiss the bill on the following grounds:

1. Because the bill was not filed in the office, nor served thirty days before the Court to which it was made returnable.

2. Because the bill was not served at all.

3. Because the bill was wanting in proper parties.

4. Because the bill was wanting in equity.

The motion to dismiss was overruled, and the defendant assigns that ruling as error.

HOOD, for plaintiff in error.

BOWER, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

The bill alleges that William J. and Jasper Dickson bought of Jesse Williams the tract of land in dispute for $1,600 00, and gave their notes therefor in three installments, and Williams executed to the Dicksons his bond for titles, to be made on payment of the purchase money; that after the payment of one of the notes, the Dicksons sold their interest in the land to complainant, and transferred to him Williams' bond for titles; that on application to Williams to pay the balance of the purchase money, complainant was informed by him that he had transferred one of the notes to Stafford, and the other to his son, William Williams, and had conveyed to him titles to the land as a security for the payment of the notes, etc.; that he subsequently paid the note held by Stafford, and also the one held by Williams, who thereupon executed a deed to him for the land in execution of the bond; that *after* the Dicksons had sold and transferred their interest in the land to complainant, and after Jesse Williams had assigned the two notes last due, given by the Dicksons for the land, to Stafford and his son, and after complainant had tendered to Jesse Williams payment of Dicksons' notes, and could not because of the transfer and conveyance of the land, etc., but before William Williams had executed the deed to complainant, the judgment was obtained, etc., from which the execution issued that had been levied on the land, etc.

If these facts are true, they form a complete defence to the levy on the land, and can be set up at law on the trial of the claim as completely as in equity. If so, the land is not subject to the execution. There is no necessity for resorting to the consciences of defendants for discovery. For when it is shown that Williams had bargained the land to the Dicksons, taken their notes, and given his bond for titles, before judgment was obtained, the *onus* will be on the plaintiff in exe-

cution, on the trial of the claim cause, to show that at the date of the judgment the defendant in execution had a tenable interest in the land, and what that was. Hence, the bill should have been dismissed for the want of equity.

Let the judgment be reversed.